### In re CHRIST'S CHURCH OF THE GOLDEN RULE.

### SAMPSELL et al. v. PAPENHAUSEN et al.
### No. 36408.

District Court, N. D. California, S. D.
Aug. 16, 1948.

See also 79 F.Supp. 42.

Gendel & Chichester, of Los Angeles, Cal., for trustees.

Howard B. Crittenden, of San Francisco, Cal., for respondents.

YANKWICH, District Judge.

The petition of the trustees to review the Order of the Referee, dated October 10, 1947, heretofore argued and submitted, is now decided as follows:

I.

The Order of the Referee, dated October 10, 1947, sustaining the objection of the respondents to the jurisdiction of the Court to hear and determine the petition of the trustees to adjudicate summarily the title to certain real and personal property claimed by the respondents, is hereby reversed.

II.

The Referee is directed to restore to the calendar the petition of the trustees, to allow the respondents a reasonable time in which to file such additional pleadings as may be necessary or desirable and to conduct such further proceedings as may be deemed advisable in order to determine, on the merits, the title and/or the possession to the property involved.

Comment.

The Referee made the following finding:

"The court is unable to determine, from the record presented in the above entitled matter, whether or not, on November 1,

46

1945, (at the time of the filing of the original petition in bankruptcy in the United States District Court for the Southern District of California, wherein the primary proceeding in bankruptcy involving the above-named bankruptcy then was commenced, and now is pending), said bankrupt was in the actual or constructive possession of the personal property, or any part thereof, referred to in said trustees' petition in this particular matter.

"The court, therefore, concludes as a matter of law that, as against the respondents, Henry Papenhausen and Hans Brand, and/or either of them, insofar as the personal property referred to in the aforesaid petition is concerned, the objection to the court's jurisdiction filed herein on behalf of said herein mentioned respondents, relative to the aforesaid petition, should be sustained."

Reference is made to the memorandum opinion filed this day in the companion proceeding (Ebbert) for a full discussion of the legal principles which apply with equal force to this matter.

Here, as in the Ebbert matter, our conclusion is that the trustees made a prima facie showing of possession in the bankrupt and themselves as its successors, of the property involved. More, no adverse claim was asserted against the corporation or the trustees prior to these proceedings. The trustees were, therefore, entitled to specific findings on the issues tendered by their petition, and the Referee was wrong in declining jurisdiction.

Hence, the orders above stated.

